Richardson, Ch. J.,
delivered the opinion of the court:
This case raises two questions as to the compensation of special agents under the provisions of section 18 of the census act (1889, March 1, chap. 319, amended by the act of 1890, April 3, chap. 61, 1 Supp. Rev. Stat., 2d ed., pp. 659, 711). The section, after providing for the appointment of special agents, reads as follows, as amended:
“They shall receive compensation at rates to be fixed by the Superintendent of the Census, with the approval of the Secretary of the Interior: Provided, That the same shall in no tuvse exceed six dollars per day and actual traveling expenses, and a per diem allowance in lieu of subsistence of three dollars a day.”
The claimant was appointed by the Superintendent of the Census, with the approval of the Secretary of the Interior, by the following documents:
*354 -‘Department oe the Interior,
“Census Oeeioe,
“ Washington, D. C., February 11, 1890.
“This is to certify that Ed. F. Test, of Nebraska, has been duly appointed a special agent of the Census Office.
. “Officers and employés of the Government, and the public in general, are respectfully requested to render such aid and assistance to him, in Ms official capacity, as may be in then-power.
“In testimony whereof I have hereunto subscribed my name this eleventh day of February, in the year of our Lord one thousand eight hundred and ninety.
“Bobert P. Porter,

“Superintendent of Census.

“Department oe the Interior,

“Washington, February 14, 1890.

“The Superintendent oe Census:
“ Sir : Tour appointment, as stated in your letter of the 11th inst., of Mr. Ed. F. Test, of Nebr., as a special agent of the Census Office, to collect statistics of recorded indebtedness, for ninety (90) days, at a compensation of $6.00 per day, when actually employed, and actual and necessary expenses of subsistence, together with expenses of transportation, is hereby approved.
“ Yery respectfully,
“John W. Noble,
“ Secretary f
The time of employment was subsequently extended to “not exceeding one hundred and ninety days.” When appointed he resided at Omaha, Nebr., and never traveled in the performance of Ms duties outside of the place of his residence. He contends that he is entitled to $3 a day “in lieu of subsistence,” which has not been paid to him for one hundred and seventy-two days of Ms employment after the amendment to said section by the act of April 3,1890.
The claim is founded upon the amendment substituting a per diem allowance in lieu of subsistence. But that amends only the proviso, which itself merely limits the power of the Superintendent and Secretary in fixing the rates of compensation and establishes the maximum, which can not be exceeded. But for this proviso the Superintendent and Secretary might-fix the compensation on any basis they chose.
To understand the amendment we must consider what was *355 the law and tbe practice of the Department as well as what was the claimant’s contract before its adoption. Section 18 of the census act as it originally stood authorized the Superintendent of the Census, with the approval of the Secretary, to fix the compensation of special agents, “ provided that the same shall in no ease exceed $6 per day and actual traveling expenses.” The amendment adds the words, u and a per diem allowance in lieu of subsistence of $3 a day.”
By the claimant’s appointment, made previous to the adoption of the amendment, he was to have “ $6 per day, when actually employed, and actual a/nd necessary expenses of subsistence, together with the expenses of transportation.” From the beginning of work under the census the Department construed the words “expenses of subsistence” to apply only when the agent traveled in the performance of his duties beyond the place of his residence. The words are not found in the section as it originally stood, but the Superintendent and Secretary were thereby authorized to allow “ actual traveling expenses.” Such expenses are made up of those for transportation and those for subsistence.
The Secretary of the Interior, in making appointments and fixing compensation of agents, whenever he chose to allow traveling expenses, did not follow that language, but adopted the form of expression which allowed them “ actual cmd necessary expenses of subsistence, together with the expenses oftrans-portation.”
The amendment substitutes for that part of traveling expenses which consists of lodging, meals, etc., aper diemfor “ subsistence,” a word introduced into the office practice before it was ever used in the census statutes. It was recommended to Congress by the Secretary of the Interior, in order to avoid the trouble and expense of passing upon a great number of small sums for such expenses, which in all accounts were required to be itemized, and which employed the time of many clerks to examine.
Construed in the light of these facts, it becomes clear that Congress intended by the amendment only to change the departmental practice so as to authorize the Superintendent and Secretary to allow a per diem for subsistence in lieu of part of traveling expenses when agents actually travel in the performance of their official duties, and not to pay for subsistence to those agents who live at home and discharge their official *356 duties at the place of tbeir residence, and incur no extra expenses for meals and lodging.
' Agents exclusively employed at tbeir place of residence, by the language of tbeir appointment, in terms like that of the claimant, might' just as well claim compensation for subsistence before the amendment as after it to claim a per diem of $3 a day in lieu thereof. But it does not appear that the claimant, or any other agent appointed on the same terms, ever put such an interpretation upon the language of appointment or ever demanded such compensation for the time employed before the adoption of the amendment, and, in the present case, the claim is limited to the time employed after the amendment.
The course of legislation shows that in all other cases public officers who are paid by salary or by per diem allowances are allowed traveling expenses only when they are employed away from the place of their residence, including transportation and subsistence, or in the Army and Navy, rations for the latter.
We do not think that Congress intended to make an exception in favor of special agents of the census.
Another claim set up is for money paid for messenger service and for rent of rooms. The ch> uant has been paid for all expenditures of the kind authorized by the Secretary of the Interior, and that is all he is entitled to under the provisions of section 24 of the census act, which is as follows:
“That the Secretary of the Interior may authorize the expenditure of necessary sums for the traveling expenses of the officers and employés connected with the taking of the census and the incidental expenses essential to the carrying out of this act, including the rental of convenient quarters in the District of Columbia and the furnishing thereof, and an outfit for printing small blanks, tally sheets, circulars, and so forth, and shall from time to time make a detailed report to Congress of such expenditures.”
The reason that the rent of buildings in the District of Columbia is specially provided for in this section appears to be that by the act of 1877 (March 3, chap. 106), the renting of buildings for the purposes of the Government in the District of Columbia is expressly prohibited “until an appropriation therefor shall have been made in terms by Congress,” and it is enacted that “this clause [shall] be regarded as notice to all contractors or lessors of any such building or any part of building.” (1 Supp. Rev. Stat., 2d ed., p. 137.)
The petition is dismissed.