WeldoN, J.,
delivered the opinion of the court:
On the 7th of April, 1890, the plaintiff was appointed a ¡special agent of the Census Office, under section 18 of the act ©f March 1, 1889, for “taking the eleventh and subsequent censuses of the United States” (25 Stat. L., 766). His duties *185 as such agent were to “assist in the collection of statistics relating’ to mines and mining in the United States.” His compensation was fixed at $4 per day.
The following is the letter of his appointment:
“Department oe the Interior,
“Census Oeeioe,
“ Washington, April 7,1890.
“Sir: Under the act of Congress approved March 1,1889, making provision for taking the eleventh and subsequent censuses, T have this day appointed Mr. Morris Ebert, of Pennsylvania, as a special agent of this office, to assist in the collection of statistics relating to mines and mining in the United States.
“The 18th section of the act provides that the compensation of experts and special agents shall be fixed by the Superintendent of Census, with the approval of the Secretary of the Interior. I have fixed the compensation of Mr. Ebert at $4.00 per day, and I respectfully ask the approval of this rate by the Department.
‘ ‘ Y ery respectfully,
“Robert P. Porter,
“ jSuperintendent of Census.
“The honorable The Secretary oe the Interior.”
On the 12th day of April, 1890, the Secretary of the Interior approved the action of the Superintendent of Census, as follows:
“Department oe the Interior,
“ Washington, April 12th, 1890.
“The Superintendent oe Census:
“ Sir : Your appointment, as stated in your letter of the 7th inst., of Mr. Morris Ebert of Pa., as a special agent of the Census Office, to assist in the collection of statistics relating to mines and mining in the United States, at a compensation of ‡4.00 per clay, is hereby approved.
“Very respectfully,
“ J. W. Noble,
“ Secretary.”
On April 17,1890, the plaintiff accepted said appointment and took the oath of office prescribed for special agents.
At the time of his appointment he resided in the city of Philadelphia, and, as a result of his occupation and business, had collected and accumulated a large amount of information upon the subject of the stone industries of the United States, *186 and in the discharge of bis duties as a special agent availed himself of the resources of his office in his consultations and suggestions with and to the agents and officers of the Census Office.
The plaintiff, about the 1st of November, 1890, went to Europe on private business, and remained there until the 1st of January, 1891, when he returned and entered upon the discharge of his duties.
He resigned on the 31st of March, 1891, and has been paid at the rate of $4 per day, including Sundays, for all the time from March 17, 1890, to said date, except for the months of November and December. He also received the sum of $21 as subsistence for seven days.
In the petition it is in substance alleged that for the months of November and December he is entitled to pay at the rate of $4 per day; that during said months he “rendered the services required of him as such special agent, and for that time he is entitled to pay.”
The plaintiff makes additional allegation, “That, under the provisions of the act of Congress approved April 3, 1890, entitled ‘An act to amend an act entitled “ an act to provide for taking the Eleventh Census and subsequent censuses”’ the sum of $1,044 became due and payable to the petitioner, as an allowance, in lieu of subsistence for three hundred and forty-eight days, at $3 per diem. He has been paid subsistence at the rate of $3 pier day for seven days in which he was absent from home on tbe business of his office. This suit is to recover the two items, per diem compensation and subsistence, at the rate of $3 per day, from the 17th of April, 1890, to the 31st of March, 1891.”
The evidence shows that at the time the plaintiff left he notified the officers of the Census Office of his departure, to which they made no objection. Nothing was said at the time of his leaving as to his pay; but on his return the officer in charge of the payment refused to pay him. The plaintiff contends that, inasmuch as the records of his office during his absence were open to the inspection and examination of the officers of the United States in charge of a person in his employ, and that the officers made no objection to his absence, therefore be is entitled to his pay, although not present at the place where he ordinarily discharged his duties. He also *187 contends tbat tbe information in bis office was wbat tbe United States really bargained for, and, if tbat was subject to tbeir order and inspection, tbe purpose of tbe contract was accomplish ed.
Tbat information was at most in tbe shape of raw material, and when called for by tbe Census Bureau tbe defendants were entitled to bis experience and judgment as an expert thereon. To have bad some one left in charge to furnish tbe desired information from bis data would have been to allow him to furnish a substitute which was not contemplated in bis selection and appointment.
Tbe plaintiff testiffes tbat be was an advisory expert, and if so, it is difficult to understand bow be could discharge tbe duties of tbat position while he was absent in Europe, bolding no communication with tbe Department, founded either upon bis general knowledge or upon tbe information in bis office in tbe city of Philadelphia.
Tbe suit is brought for compensation as a special agent in tbe Census Office, which employment contemplates tbe performance of some service having relation to tbe duties of bis agency. He was not simply tbe custodian and owner of tbe data of information; but a person having such, with tbe knowledge of an expert, which would enable tbe Census Bureau to avail itself of tbe information contained in bis office. Tbe fact tbat be is to be paid by tbe day contemplates a daily service. He was employed because be was an expert, in tbe possession and collection of statistics relating to “mines and mining,” and to say tbat be can disconnect himself for two months with tbe performance of bis duty and yet recover compensation for tbe time is in violation of tbe spirit of bis undertaking with tbe G-overn-rnent. While tbe laborer is worthy of bis hire, tbe hire is worthy of tbe laborer in tbe substantial and honest performance of bis contract.
As to tbe claim for subsistence, it is insisted by tbe defendants tbat tbe case of Test (27 C. Cls. R., 352) is decisive of tbe claim in this case. Tbe counsel for tbe plaintiff sought to maintain that this proceeding did not come within tbe reason of tbat case, and while bis argument is entitled to great respect, it is not sufficient to differentiate tbe case in the opinion of tbe court. In tbe case of Texas Paeifie R. R. Co. (28 C. Cls. R., 379) a principle similar to tbe one atissue was declared. We think *188 tbe Test case is conclusive against tbe contention of tbe claimant in tbis proceeding as to subsistence, and upon botb claims tbe law is witb tbe defendants. A judgment is ordered for defendants, dismissing petition.